## Arthur E. Barnes v. Drainage Commissioners of Town of Divernon, etc.

1. DRAINAGE DISTRICT—*power of commissioners in forming.* Commissioners in forming a drainage district have power to add land benefited but not described in the petition and to exclude land not benefited but described in the petition. The power of the commissioners in

this respect is large, judicial in character, and is rarely subject to review.

2. DRAINAGE DISTRICT—*when notice of proceedings for formation of, sufficient.* Where the notice for the formation of a drainage district is otherwise sufficient, the fact that the clerk signing the same did not actually mail it in person, but caused the same to be mailed by another, does not vitiate the same.

*Certiorari* proceeding. Appeal from the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed February 1, 1906.

CONNOLLY & BARNES, for appellant.

JAMES M. TAYLOR, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

This is a proceeding by *certiorari* having for its object the quashing of the action of the appellees (commissioners) in establishing a drainage district where the ditches and drains had been constructed by the voluntary action of the owners of the lands.

Appellant challenges the sufficiency of the organization upon several grounds; but only three of these grounds are of sufficient merit to warrant discussion. They are as follows: First, that the notice to the non-resident landowners was not sufficiently shown; second, that the graduated assessment was insufficient; third, that the commissioners, acting under section 76 of the drainage law relating to formation of drainage districts by user, had no power to exclude lands described in the petition; nor power to add or include lands not described in the petition.

Said section 76 authorized the commissioners, when acting upon such petition, "to include all lands to be benefited by maintaining these ditches." We do not see how the powers of the commissioners could be made any more full and explicit upon this head. To have the power to include all lands benefited, is to have the power to include lands not described in the petition which are benefited and to exclude those lands described in the petition that are

Barnes v. Drainage Commissioners of Divernon.

not benefited. Upon this subject the judgment of the commissioners, not that of the landowners or petitioner, must be accepted as final. The acts of the commissioners, in that respect, are of a judicial character, and, unless fraud is charged, are rarely subject to review. The People v. McDonald, 208 Ill. 638–644. And even then, not in this form of action.

The law requires the town clerk upon receipt of the petition to cause notice of the proceedings to be served upon all landowners whose residences are known, who reside in the county, which notice may be served by an officer, and further provides that he shall at once mail notice to landowners not residing in the county. It fully appears from the record of the proceedings that service was made by a constable upon all the landowners but nine, and as to those nine landowners the affidavit of Leslie J. Taylor (also a part of the record) shows that a notice in due form and signed by Fred Crydon, the town clerk, was mailed in due time, postage prepaid, and properly addressed to each of said nine landowners. The notices mailed were full and explicit in every detail and properly signed, but the purely ministerial act of mailing the notices was not done by the clerk, but by another. The notices were the notices of the clerk, and when so mailed by another (such notices bearing his clerk's signature), the mailing became his act within the meaning of said section 76.

The classification established by the commissioners for the purpose of determining assessments does not seem to us to be open to the criticisms made upon it by appellant; but even if there be errors therein, such errors would not, of necessity, be fatal to the organization in this character of suit. If there were errors of the character complained of, appellant had an ample and complete remedy by appeal. His remedy, if any, is not by *certiorari*.

The judgment of the Circuit Court was right and is affirmed.

*Affirmed.*